UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Criminal No. 5:14-CR-00244<br>Civil No. 5:18-CV-00591 |
| DONALD L. BLANKENSHIP | ) ) ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

Donald L. Blankenship, by and through counsel, submits this opposition to the government's motion for an extension of time to respond. (ECF No. 677). In its motion, the government has requested an additional 90 days to respond to Mr. Blankenship's motion for *in camera* review *and* Mr. Blankenship's Memorandum in Support (the latter of which has not been filed yet). This delay is simply unacceptable, and Mr. Blankenship strongly opposes it for the reasons given herein.

*Time is of the essence for both Mr. Blankenship and the public*. First, Mr. Blankenship cannot countenance further delay on the part of the government, during which time he must live under the cloud of the very prosecution he is challenging. The issues presented by Mr. Blankenship Section 2255 Motion go to whether his conviction and sentence ought to be vacated due to violation of his constitutional rights and the laws of the United States by the prosecution. More specifically, the violations Mr. Blankenship has put forward arise by virtue of the government not providing Mr. Blankenship the information to which he was entitled *in a*

1

*timely manner* originally. So it is particularly inappropriate for the government to ask for so much delay when it was *its own original delay* that put Mr. Blankenship in this position in the first place.

The newly assigned attorney for the government must no doubt become acquainted with the facts of the matter. But it is not appropriate for Mr. Blankenship to bear the burden of further delay by the government. It was *the government* that decided to recuse the U.S. Attorney's Office for the Southern District of West Virginia *only recently*. Why it decided to do that and why it waited to do that until well after Mr. Blankenship had already filed his 2255 Motion, only the government knows. And now there has been further delay as the government selects another office to handle the matter.

While the newly assigned government attorney undoubtedly has other pressing, ongoing matters, the government chose what attorneys to assign to this matter and could choose, if needed, to assign more attorneys to enable a timely response. The Department of Justice is the largest legal employer in the world. Surely it could find the legal resources to respond to these important matters in a timely fashion. It certainly did not want for legal resources when it came to *prosecuting* Mr. Blankenship, but now that the question has turned to *the propriety of that prosecution*, suddenly the United States is shopping the case around and needs more and more time. Mr. Blankenship meanwhile lives under the cloud of this prosecution every day until the Court is able to reach its decision on the merits. Mr. Blankenship is eager to proceed expeditiously with the court proceedings to reach resolution and accounting for the conduct that is the subject of his Motion and for relief from his wrongful conviction.

Second, further delay is not in the public interest. Mr. Blankenship is seeking high public office, and the election for that office is in November of this year. Mr. Blankenship has been

subjected to criticism in the campaign based on his prior conviction, and Mr. Blankenship believes the citizens of West Virginia have a right to know *the full facts* and *what those facts mean* in regard to his Motion so that the citizens can have full information in making their important decision in November. Under the government's proposed timeline, it will not even respond to the motion for *in camera* review until mid-September, enabling scant time for the underlying merits of this dispute to be resolved prior to the election in November.

Third, responding to Mr. Blankenship's motion for *in camera* review in particular does not require "a comprehensive understanding of this years-long investigation and prosecution" and an extra 90 days until September. (Gov't Mot. at 2). The government has already determined that these materials are relevant and made its privilege designations. A response requires the government to assess whether the Department of Labor ("DOL") has asserted a valid claim of privilege over a discrete set of documents and, even if so, why the DOL's interest in avoiding disclosure outweighs Mr. Blankenship's – and the public's – interest in uncovering the truth about the Upper Big Branch mine and Mr. Blankenship's subsequent prosecution.

Wherefore, Mr. Blankenship respectfully requests that the Court deny the government's motion for an extension of time to respond.

Dated: June 7, 2018

Respectfully submitted,

/s/ Howard C. Vick
Howard C. Vick
Michael A. Baudinet
MCGUIREWOODS LLP
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 775-1061
tvick@mcguirewoods.com
mbaudinet@mcguirewoods.com

3

Benjamin L. Hatch
MGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel: (757) 640-3700
Fax: (757) 640-3701
bhatch@mcguirewoods.com

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)
DINSMORE & SHOHL LLP
707 Virginia Street, East, Suite 1300
P.O. Box 11887
Charleston, West Virginia 25339-1887
Telephone: (304) 357-0900
Facsimile: (304) 357-0919
henry.jernigan@dinsmore.com

*Counsel for Donald L. Blankenship*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 5:14-CR-00244 |
| ) | Civil No. 5:18-CV-00591 |
| ) | |
| DONALD L. BLANKENSHIP ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I, W. Henry Jernigan, do hereby certify that a foregoing **Opposition to Motion for Extension of Time** was served through the Court's electronic filing system on this the 7th day of June, 2018 upon the following counsel of record:

Douglas W. Squires, Esq.
Special Attorney to the U.S. Attorney General
Assistant U.S. Attorney for the Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)