# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# Beckley Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Criminal No. 5:14-CR-00244 |
| ) | Civil No. 5:18-CV-00591 |
| ) | |
| DONALD L. BLANKENSHIP ) | |
| ) | |
| Defendant/Petitioner ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO CONDUCT DISCOVERY

Donald L. Blankenship, by and through counsel, respectfully submits this Reply to the Government's Response to his Motion to Conduct Discovery (ECF No. 685). The government has agreed to provide Mr. Blankenship with the full report of the Department of Justice's Office of Professional Responsibility ("OPR") and certain additional, unspecified materials. As such, the government recognizes the report is discoverable and important to these proceedings. The Court should therefore grant Mr. Blankenship's motion.

The most pressing outstanding issue that arises from the government's response, however, is the timing in which it must comply with this discovery request. As discussed further herein, the government advises essentially that it will provide discovery when it gets around to it, which may or may not be by mid-August. Mr. Blankenship urges this Court to order that the materials be produced no later than within ten (10) days. Certainly, OPR has reached firm conclusions and findings after all this time as to the subject of its investigation. Mr. Blankenship does not believe there is any dispute that the government failed to turn over a mountain of

1

reports and other information that it has since provided after trial, and thus the misconduct is evident. Mr. Blankenship and the public have an immense interest and need for OPR's conclusions and findings related to the same conduct. The subject of these proceedings is none other than the prosecution of Mr. Blankenship in violation of the Constitution and laws of the United States, for which unlawful prosecution Mr. Blankenship must daily suffer the consequences until this Court rules. Against this overwhelming personal interest in the justice of his own case, the government identifies no particular countervailing interest in further, open-ended delay.

### A. The Court Should Set a Prompt Deadline for the Government to Produce the OPR Report and Materials.

Although it has agreed to provide Mr. Blankenship with the OPR report and related documents, the government commits to no particular timeframe in which it will provide these materials. Certainly, after a lengthy investigation, OPR's findings and conclusions are now finalized, even if individual subjects of that report are still allowed a time to comment on it. Mr. Blankenship should not be made to wait for those comments; he should be allowed to receive the findings and conclusions now in order to prosecute his 2255 motion. Time is of the essence here for both Mr. Blankenship and the public. Mr. Blankenship has a compelling interest in vindicating his constitutional rights and having his unlawful conviction overturned. A fundamental principle of the legal system is ensuring swift justice, especially where the person continues to suffer consequences arising from the accusation of criminal conduct.

Moreover, Mr. Blankenship is currently seeking high elected office and is facing an August 1, 2018 deadline to get on the ballot. Prompt disclosure of the OPR report is therefore critical in this timeframe to bring the facts of this wrongful prosecution to light. Notably, Mr. Blankenship is often attacked in the public for his conviction, including by inaccurate reference

to him being a "felon" when in fact the conviction was only for a misdemeanor. This is just one example of how Mr. Blankenship faces the consequences of this wrongful prosecution. West Virginia voters have a compelling interest in learning the truth about his prosecution as they make their decisions in connection with the election.

Therefore, as proposed in the Request for Production of Documents (ECF No. 681-1), Mr. Blankenship respectfully requests that this Court order the government to produce the OPR report and materials within ten (10) days. The government presently projects that it will produce the report in mid-August but makes no commitments. The Court should fashion a date by which the report must be provided so the parties can proceed in a prompt and orderly fashion. Certainly Mr. Blankenship's interests in pursuing justice outweigh whatever interests the government may have in further delaying the release of the report.

### B. The Court Need Not Rule at this Time on the Government's Request for a Protective Order.

In its response, the government asserts that it will only produce the report subject to a protective order. The Court does not need to reach this issue in order to grant this Motion. First, Mr. Blankenship understands from conversations with government counsel that he will be provided with a summary report from OPR that includes the conclusions of its investigation. Because that report would be provided to Mr. Blankenship regardless of this litigation because he is the complainant to OPR in its investigation, it need not be subject to the protective order. Based on discussions with the U.S. Attorney's Office, undersigned counsel believes both parties are in accord on that point. Second, as to the additional materials the government has agreed to produce that would not normally be provided to Mr. Blankenship absent this discovery request, undersigned counsel is engaged with government counsel in discussions regarding the terms of a protective order and expects the parties will be able to arrive

at an agreement on such in advance of the date the Court would set for provision of the discovery.

### C. Conclusion

Mr. Blankenship expects the OPR report, including the full factual findings and conclusions, along with the other materials DOJ has agreed to produce, will likely satisfy what he sought to obtain via this discovery request (Motion to Conduct Discovery and Requests for Production of Documents (ECF Nos. 681 & 681-1).[1] The government argues at some length about aspects of the proposed discovery request that sweep more broadly (Gov't Resp. at 2-4), but Mr. Blankenship respectfully suggests that the Court could order production of the report and other materials the government has agreed to, and defer ruling on any broader sweep of this discovery request. After receipt and review of the materials, Mr. Blankenship can return to the Court and advise whether he believes it necessary to press forward as to any other materials.

Therefore, this Court should grant Mr. Blankenship's Motion for Discovery and order production of the OPR report and additional materials identified by the government within ten (10) days.

Dated: July 13, 2018                    Respectfully submitted,

                                            /s/ W. Henry Jernigan, Jr.
                                            W. Henry Jernigan, Jr. (WVSB No. 1884)
                                            DINSMORE & SHOHL LLP
                                            707 Virginia Street, East, Suite 1300
                                            P.O. Box 11887
                                            Charleston, West Virginia 25339-1887
                                            Telephone: (304) 357-0900
                                            Facsimile: (304) 357-0919
                                            henry.jernigan@dinsmore.com
                                            *Counsel for Donald L. Blankenship*

---

[1] Mr. Blankenship herein is only referring to the above-cited motion and not to his separately pending motion for *in camera* review (ECF No. 669) in which he is still seeking the additional discovery therein specified.

/s/  Howard C. Vick
Howard C. Vick
Michael A. Baudinet
MCGUIREWOODS LLP
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 775-1061
tvick@mcguirewoods.com
mbaudinet@mcguirewoods.com

Benjamin L. Hatch
MGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel: (757) 640-3700
Fax: (757) 640-3701
bhatch@mcguirewoods.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# Beckley Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Criminal No. 5:14-CR-00244 |
| ) | Civil No. 5:18-CV-00591 |
| ) | |
| DONALD L. BLANKENSHIP ) | |
| ) | |
| Defendant/Petitioner. ) | |

## CERTIFICATE OF SERVICE

I, W. Henry Jernigan, do hereby certify that a foregoing **Reply to the Government's Response to Motion for Discovery** was served through the Court's electronic filing system on this the 13th day of July, 2018 upon the following counsel of record:

Douglas W. Squires, Esquire
Assistant U.S. Attorney
U.S. Attorney's Office for the Southern District of Ohio
303 Marconi Blvd., Suite 200
Columbus, OH 43215

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)

6