

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

**BY FEDERAL EXPRESS**

February 7, 2017

William W. Taylor, III, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

    Re: United States v. Donald L. Blankenship
       Criminal No. 5:14-cr-00244

Dear Mr. Taylor:

    As a result of our ongoing review of the *Blankenship* file, we are providing the following memoranda of interview, designated by the name of the person interviewed and the date of the interview:

| NAME | DATE OF INTERVIEW | PREVIOUSLY PROVIDED |
|---|---|---|
| Tim Blake | 1/27/15 (2 pages) | FBI 302 6/15/10 MOI-000284 - 000287 (4 pages)<br><br>9/30/10 MSHA transcript (94 pages) |
| Albert Clark | 9/24/2015 (2 pages) | 5/11/10 MSHA transcript (71 pages)<br><br>8/24/10 MSHA internal review transcript MSHA-IR-001721- 001960<br><br>6/14/11 MSHA internal review transcript MSHA-IR-001961 - 001997 |

| | | 8/1/11 FBI 302<br>MOI-000830 - 000833 (4 pages)<br><br>MSHA Form 7000<br>(Inspector Notes)<br>11/9 & 10, 2009 (12 pages) |
|---|---|---|
| Sandra Davis | 3/31/15<br>(2 pages)<br><br>9/29/15<br>(5 pages) | FBI 302 8/27/14 -<br>MOI-001266 - 001271 (6 pages)<br><br>11/12/14 grand jury transcript<br>(official)<br>DLB-GJ-TR-000302 - 000314<br>(13 pages)<br><br>11/12/14 grand jury transcript<br>(unofficial)<br>DLB-GJ-TR-000040 - 000044<br>(5 pages) |
| Sabrina Duba | 2/4/15 -<br>(6 pages)<br>relevant to<br>acquitted<br>counts | |
| Tommy Estep | 5/14/15<br>(4 pages) | FBI 302 4/27/10<br>MOI-000062 (1 page)<br><br>8/31/10 MSHA transcript<br>(66 pages)<br><br>3/11/11 MSHA transcript<br>(96 pages) |
| Jay Mattos | 9/9/15<br>(5 pages) | 2/9/11 MSHA Internal Review<br>Transcript<br>MSHA-IR-009094 - 009146<br>(53 pages) |
| Stephanie Ojeda | 6/3/15<br>(10 pages) | |
| John Ryan<br>Patrick | 3/11/14<br>(4 pages) | |

USAO0000154

| Mike Vaught | 3/26/15 (1 page) | FBI 302 1/10/12 MOI-001086 - 001094 (9 pages)<br><br>FBI 302 7/28/11 - MOI-000814 - 000820 (7 pages)<br><br>Voluntary Production (notebook containing notes taken between July of 2007 and 2008) VP-MV-000001 - 000033 |
|---|---|---|
| Lisa Williams | 1/15/15 (4 pages) | FBI 302 5/12/10 MOI-000254 - 000256 (3 pages)<br><br>FBI 302 7/1/10 MOI-000257 - 000259 (3 pages)<br><br>FBI 302 5/18/11 MOI-000715 - 000720 (6 pages)<br><br>FBI 302 - 12/9/11 MOI-000986 - 000987 (2 pages)<br><br>2009 Massey Directory GJ8-LW-000001 - 000115 |

As I stated in my previous correspondence, by simply providing these additional memoranda, the United States is taking no position on whether they were required to be provided pre-trial or whether the defendant suffered any prejudice because they were not provided previously.

Thank you for your attention to this matter. Again, if you have any question, please do not hesitate to contact me.

Sincerely,

CAROL A. CASTO
United States Attorney

By: _R. Gregory McVey_
R. Gregory McVey
Assistant United States Attorney

Enclosure

USAO0000155



**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

**BY FEDERAL EXPRESS**

February 16, 2017

William W. Taylor, III, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

     Re: United States v. Donald L. Blankenship
         Criminal No. 5:14-cr-00244

Dear Mr. Taylor:

    We are providing the below-listed memoranda of interview to you as a result of our ongoing review of the *Blankenship* file. Similar to what we have previously provided, those memoranda are identified by the name of the person interviewed as well as the date of the interview. We have also provided information about other memoranda and other relevant documents which were provided in discovery for each witness, to the extent those exist. The disc containing those memoranda may be accessed by the same password as the previous ones.

| NAME | DATE OF INTERVIEW | PREVIOUSLY PROVIDED |
|---|---|---|
| Perry Brown | 09/24/2015 (2 pages) | FBI 302 09/24/2015 – MOI-001563 – 001567 (5 pages)<br><br>05/19/2010 MSHA transcript (83 pages)<br><br>10/18/2010 MSHA Internal Review Transcript MSHA-IR-001042 – 001220 (179 pages)<br><br>10/19/2010 MSHA Internal Review Transcript MSHA-IR-001221 – 001297 (77 pages) |

USAO0000156

| | | |
|---|---|---|
| | | 06/13/2011 MSHA Internal Review Transcript MSHA-IR-001298 - 001416 (119 pages) |
| Bruce Canterbury | 11/21/2014 (3 pages) | |
| Michael Ellison | 10/13/2015 (3 pages) | FBI 302 04/12/2011 - MOI-000604 - 000607 (4 pages)<br><br>08/20/2010 MSHA transcript (82 pages)<br><br>05/17/2011 grand jury transcript PCC-GJ-TRANS-000882 - 000893 (12 pages) |
| Jacob Fertig | 01/16/2015 (2 pages) | |
| Karen Hanretty | 04/01/2015 (2 pages)<br><br>09/17/2015 (1 page) | FBI 302 08/15/2014 - MOI-001260 - 001262 (3 pages)<br><br>FBI 302 08/15/2014 - MOI-001258 (1 page) (re: service of grand jury subpoena on 08/15/14) |
| Rick Hodge | 03/17/2015 (2 pages)<br><br>04/09/2015 (2 pages)<br><br>04/29/2015 (1 page) | FBI 302 10/15/2010 - MOI-001318 - 001320 (3 pages)<br><br>FBI 302 10/20/2010 - MOI-000322 (1 page)<br><br>FBI 302 10/27/2010 - MOI-000323 (1 page)<br><br>10/20/2010 grand jury transcript PCC-GJ-TRANS-000483 - 000503 (21 pages)<br><br>01/06/2011 MSHA transcript (49 pages) |
| Charles Justice | 04/03/2015 (2 pages) | FBI 302 12/03/2010 - MOI-000375 - 000376 (2 pages) |

USAO0000157

| | | |
|---|---|---|
| | | FBI 302 09/13/2014 - MOI-001272 - 001273 (2 pages) |
| | | 01/26/2011 grand jury transcript PCC-GJ-TRANS-000552 - 000568 (17 pages) |
| | | 06/23/2010 MSHA transcript (82 pages) |
| Mackowiak, Poe and Stone | 09/24/2015 (1 page) | FBI 302 04/13/2011 - MOI-000776 - 000781 (6 pages) |
| | | 05/17/2010 MSHA transcript (125 pages) |
| | | 05/18/2010 MSHA transcript (85 pages) |
| | | 06/07/2010 MSHA transcript (35 pages) |
| | | 08/03/2010 MSHA Internal Review Transcript MSHA-IR-0076778 - 007914 (237 pages) |
| | | 08/04/2010 MSHA Internal Review Transcript MSHA-IR-007915 - 008158 (244 pages) |
| | | 01/31/2011 MSHA Internal Review Transcript MSHA-IR-008159 - 008300 (142 pages) |
| | | 6/17/2011 MSHA Internal Review Transcript MSHA-IR-008301 - 008369 (69 pages) |
| | | Voluntary Production - VP-MSHA-057497 - 057498 (Draft cover letter to Mr. Chris Blanchard, to Dear Mr. Mine Operator, from Robert G. Hardman, |

USAO0000158

| | | |
|---|---|---|
| | | District Manager, Coal Mine Safety and Health, District 4, no date, regarding Mine Ventilation Plan and in-mine conditions observed on 11/19/09 (citation reference 6612943), Section 75.370, 30 CFR 75, Upper Big Branch Mine-South, I.D. No. 46-08436, Performance Coal Company, Montcoal, Raleigh County, West Virginia)<br><br>Voluntary Production VP-MSHA (Mackowiak) - 000001 - 000032 (Two documents titled: (1) Longwall Ventilation and Related Mine Plan Ventilation and Enforcement Chronology - January 1, 2009 to September 1, 2009 - Upper Big Branch Mine-South - Performance Coal Company - ID No. 46-08436; and (2) Longwall Ventilation and Related Mine Plan Ventilation and Enforcement Chronology - Upper Big Branch Mine-South - Performance Coal Company - ID No. 46-08436 - September 1, 2009 to April 5, 2010 (file names (1) Bentley - Timeline for UBB Vent (Fixed).pdf; and (2) UBB Timeline January to September 2009.pdf |
| Gary May | 09/30/2015<br>(1 page) | FBI 302 09/29/2010 - MOI-000324 - 000329 (6 pages) |

| | | |
|---|---|---|
| | | FBI 302 10/01/2010 – MOI-000330 - 000333 (4 pages) |
| | | FBI 302 01/11/2013 – MOI-001156 (1 page) |
| | | FBI 302 09/30/2015 - MOI-001570 (1 page) |
| | | Plea Agreement PLEA-AGMT-000022 - 000042 (21 pages) |
| | | Plea Hearing Transcript MAY-TRANS-000001 - 000036 (36 pages) |
| | | Sentencing Hearing Transcript MAY-TRANS-000037 - 000067 (31 pages) |
| | | Judgment USAO-DLB-00064792 - 00064797 (6 pages) |
| | | Voluntary Production - VP-GM-000001 - 000228 (Correspondence, handwritten notes, dispatcher logs, UBB members list and four notebooks voluntarily produced by Gary May) |
| Keith McElroy | 09/28/2015 (3 pages) | |
| John Ryan Patrick | 03/31/2015 (3 pages) | |
| Bobbie Pauley | 01/27/2015 (4 pages) | MOI (MSHA) 04/30/2010 – MOI-000153 - 000158 (6 pages) |
| | | MOI (MSHA) 05/02/2010 - MOI-000159 - 000161 (3 pages) |

USAO0000160

| | | |
|---|---|---|
| | | MOI (MSHA) 06/06/2010 – MOI-000162 – 000167 (6 pages)<br><br>ROI 08/31/2010- MOI-000907 – 000908 (2 pages)<br><br>FBI 302 11/09/2010 – MOI-000342 – 000343 (2 pages)<br><br>11/16/2010 grand jury transcript PCC-GJ-TRANS-000412 – 000427 (16 pages)<br><br>05/28/2010 MSHA transcript (183 pages)<br><br>07/01/2010 MSHA transcript (44 pages)<br><br>Immunity Agreement IMM-AGMT-000028 – 000029 |
| Brent Racer | 07/31/2015 (2 pages) | 02/24/2011 grand jury transcript PCC-GJ-TRANS-000813 – 000837 (25 pages) |
| Larry Roop | 11/13/2012 (5 pages) | |
| Dennis Sims | 04/01/2015 (2 pages) | FBI 302 05/05/2010 – MOI-000194 – 000197 (4 pages)<br><br>08/19/2010 MSHA transcript (61 pages) |
| Mike Smith | 03/19/2015 (3 pages)<br><br>09/13/2015 (1 page) | 06/21/2010 MSHA transcript (80 pages) |
| Stanley Stewart | 01/20/2015 (4 pages)<br><br>04/08/2015 (2 pages) | FBI 302 8/5/2010 – MOI-000198 – 000201 (4 pages)<br><br>06/05/2010 MSHA transcript (229 pages) |

| | | 01/05/2011 MSHA transcript (82 pages) |
| | | 07/13/2010 statement at hearing on H.R. 5663 Miner Safety and Health Act of 2010, Committee on Education & Labor, U.S. House of Representatives - USAO-DLB-00064630 - 00064634 (5 pages) |
| | | Voluntary Production ("The Foreman's Handbook") VP-SS-000001 - 000056 (56 pages) |
| | | Voluntary Production (Sworn statement of Stanley Stewart, dated 04/20/2010) VP-SS-000057 - 000135 (79 pages) |
| Clifton Stover | 04/23/2015 (2 pages) | 04/27/2011 MSHA transcript (133 pages) |
| James Twigg | 06/24/2015 (2 pages) | |
| Gary Young | 03/17/2015 (4 pages) 09/29/2015 (1 page) | 04/27/2011 MSHA transcript (108 pages) |

Once again, simply by providing these memoranda, the United States takes no position that they were required to be provided pre-trial or whether the defendant suffered any prejudice because they were not provided previously. Our review of the file is ongoing.

Thanks again for your attention to this matter.

Sincerely,

CAROL A. CASTO
United States Attorney

By: R. Gregory McVey
Assistant United States Attorney

Enclosure



**From:** James Sharpe [mailto:grosharp@msn.com]
**Sent:** Tuesday, March 13, 2012 5:52 PM
**To:** Louviere, Amy - MSHA
**Subject:** Disciplinary Action re: UBB

Amy -

By now, the Agency surely has decided whether disciplinary action is appropriate against any MSHA personnel re: UBB. I know you cannot release names, but MSHA should be able to talk in general terms about the number of personnel who were disciplined (if any), whether they were managerial/supervisory or non-supervisory personnel and the nature of the disciplinary action; e.g., transfer, demotion, etc.

In this e-mail, I am asking the Agency to supply that information.

Thanks,

Jim

James Sharpe, CIH
President
Sharpe Media, LLC.
Publisher of Sharpe's Point: On Mine Safety. Extracting Insights for Industry
4519 34th St. S.
Arlington, VA 22206-1914
703-379-0652 (o)
914-840-0716 (f)
sharpemedia@verizon.net
http://www.onminesafety.com

MSHA0105

USAO0000163

| | |
|---|---|
| **From:** | Hayes, Carol - MSHA on behalf of Parker, Douglas - MSHA |
| **To:** | Main, Joseph A - MSHA; Silvey, Patricia - MSHA; Dondis, Lynn - MSHA |
| **Subject:** | Conference call on UBB disciplinary actions |

When: Thursday, June 21, 2012 4:00 PM-5:00 PM (GMT-05:00) Eastern Time (US & Canada).
Where: We will call you

Note: The GMT offset above does not reflect daylight saving time adjustments.

*_*_*_*_*_*_*_*_*_*

USAO0000164

**From:** Hayes, Carol - MSHA on behalf of Parker, Douglas - MSHA
**To:** Main, Joseph A - MSHA; Silvey, Patricia - MSHA; Dondis, Lynn - MSHA
**Subject:** Conference call on UBB disciplinary actions

When: Thursday, June 21, 2012 4:00 PM-5:00 PM (GMT-05:00) Eastern Time (US & Canada).
Where: Call in number ▓▓▓▓▓▓ passcode ▓▓▓▓▓

Note: The GMT offset above does not reflect daylight saving time adjustments.

*-*-*-*-*-*-*-*-*-*

Leader code ▓▓▓▓▓

USAO0000165

EMPLOYEE
TIME AND LEAVE
RECORD — 1984

DL FORM 1-1076

| | BUR | COST CTR | TK | EMPLOYEE NAME | SOC SEC NO | SERVICE COMPUTATION DATE |
|---|---|---|---|---|---|---|
| | E | 326 | 01 | (redacted) | (redacted) | 75/06/19 |

| | \<DAILY RECORD OF ACTIVITY\> | | | | | | | ANNUAL LEAVE | | | SICK LEAVE | | | COMP. LEAVE | | | TOTAL LWOP AWOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | SUN | MON | TUES | WED | THUR | FRI | SAT | EARN | USED | BAL | EARN | USED | BAL | EARN | USED | BAL | |
| PAY PERIOD 02 **<br>12/25/83 - 1/7/84<br>END OF 1983<br>LEAVE YEAR | DEC 25 | 26 | 27 | 28 | 29 | 30 | 31 | | | 240 | | | 283 | | | | |
| PAY PERIOD 03<br>1/8/84 - 1/21/84 | | | | 11 | 12 | 13 | 14 | 6 | 2 | 244 | 4 | 5 | 282 | | | | |
| PAY PERIOD 04<br>1/22/84 - 2/4/84 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 6 | - | 250 | 4 | 17 | 269 | | | | |
| PAY PERIOD 05<br>2/5/84 - 2/18/84 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 6 | | 256 | 4 | | 273 | | | | |
| PAY PERIOD 06<br>2/19/84 - 3/3/84 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 6 | | 262 | 4 | | 277 | | | | |
| PAY PERIOD 07<br>3/4/84 - 3/17/84 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 6 | 16 | 252 | 4 | - | 281 | | | | |
| PAY PERIOD 08<br>3/18/84 - 3/31/84 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 6 | 41 | 217 | 4 | 10 | 275 | | | | |
| PAY PERIOD 09<br>4/1/84 - 4/14/84 | APR 1 | 2 | 3 | 4 | 5 | 6 | 7 | 6 | 2 | 221 | 4 | - | 279 | | | | |
| PAY PERIOD 10<br>4/15/84 - 4/28/84 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 6 | 10 | 217 | 4 | 2 | 281 | | | | |
| PAY PERIOD 11<br>4/29/84 - 5/12/84 | 29 | 30 | MAY 1 | 2 | 3 | 4 | 5 | 6 | - | 223 | 4 | - | 285 | | | | |
| PAY PERIOD 12<br>5/13/84 - 5/26/84 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 6 | 9 | 220 | 4 | 1 | 288 | | | | |
| PAY PERIOD 13<br>5/27/84 - 6/9/84 | 27 | 28 - H | 29 | 30 | 31 | JUN 1 | 2 | 6 | - | 226 | 4 | 1 | 291 | | | | |
| PAY PERIOD 14<br>6/10/84 - 6/23/84 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 6 | | 232 | 4 | - | 295 | | | | |

* Comp. Time should be used 1 year from date earned or forfeited unless administratively ordered. Reduce balance after 1 year
** Copy entire line from 1983 Employee Time and Leave Record.
*** Reduce annual leave to appropriate annual leave ceiling
**** Start new accumulation

1. TIMEKEEPERS COPY

DLB-2255-00023

USAO0000166

| | |
|---|---|
| **From:** | Belin, Dixi - OSEC on behalf of Harris, Seth - OSEC |
| **To:** | Seth Harris; Silvey, Patricia - MSHA; Kerr, Michael - ASAM; Greenfield, Deborah - SOL; Rooney, Nancy - SOL; McClintock, Laura - OSEC |
| **Subject:** | Meeting on UBB |

You will discuss UBB Disciplinary Issues

DLB-2255-00024

USAO0000167

**From:** Molina, Monique V - MSHA on behalf of Weatherford, Stephen R - MSHA
**To:** Cameron, Ernest - MSHA
**Subject:** Follow-UP re:Disciplinary Actions

Ernest, per our conversation you will call in.

DLB-2255-00026

USAO0000169



*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

September 21, 2015

William W. Taylor, III, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Suite 1000
Washington, DC   20036

      Re:  United States v. Donald L. Blankenship
           Criminal No. 5:14-cr-00244

Dear Mr. Taylor:

This letter provides information that the United States designates as material that Defendant might claim is *Brady* material.

In an interview with a federal agent, Stephanie Ojeda said she was not sure if Defendant received the memorandum that Bill Ross emailed her in early February 2010.

In an interview with federal agents, Charlie Bearse said he believed Defendant was interested in safety even though Defendant did not expressly say that. He compared his relationship with Defendant in this regard to a romantic relationship in which one partner knows that the other loves him or her even if the other person does not often say so. Bearse also stated that Blankenship was involved in a number of changes related to Massey equipment that Bearse believed improved safety.

In an interview with a federal agent, Bill Ross said he did not agree with the Mine Safety and Health Administration's general policy of denying proposed ventilation plans that proposed to use belt aircourses for ventilation.

The United States previously disclosed the existence of immunity agreements with Christopher Blanchard, Jason Whitehead, Jamie Ferguson, Eric Lilly, and Andrew Coalson. As is often the case, prior to the execution of those agreements, the United States discussed with the witnesses' counsel the possibility that the

witnesses could be charged with criminal offenses. The United States specifically advised the witnesses' counsel that it believed they could be charged with mine safety offenses similar to those with which Defendant is now charged. The United States does not know what discussions took place between these witnesses and their counsel. The United States presumes, however, that the witnesses' counsel requested immunity agreements because the witnesses desired to be protected from any prosecution that might arise as the result of their testimony or statements to the United States.

Sincerely,

R. BOOTH GOODWIN II
United States Attorney

By:

STEVEN R. RUBY
Assistant United States Attorney

SRR/fgc

ZUCKERMAN SPAEDER LLP

1800 M STREET, NW   SUITE 1000
WASHINGTON, DC 20036-5807
202.778.1800   202.822.8106 fax   www.zuckerman.com

WILLIAM W. TAYLOR, III
Partner
(202) 778-1810
wtaylor@zuckerman.com

September 21, 2015

## VIA E-MAIL AND FIRST CLASS MAIL

Steven R. Ruby, Esq.
Office of the United States Attorney
Robert C. Byrd United States Courthouse
300 Virginia Street, East
Charleston, WV 25301

      Re:   *United States v. Blankenship*

Dear Steve:

This is in response to your letter of today, September 21, 2015, referring to information we might consider to be Brady material.

We appreciate the letter but object to the government's continued and ongoing failure to comply with its obligations to make timely and meaningful disclosures of exculpatory evidence.

Your letter is an inadequate disclosure. It is no more than a summary of general information and not a disclosure of the information in the form you received it or in which we can make meaningful use of it in the courtroom or in further investigation.

Please provide us with the interview memoranda and notes, along with any other source materials, which contain the exculpatory information from Ms. Ojeda, and Messrs. Bearse and Ross. These witnesses obviously said more on these subjects than your summary letter contains. As just one example, Mr. Ross's view of MSHA's denial of vent plans using belt air must contain more detail and reasons that your letter sets forth. The fact that he disagreed with the policy is minimal information. Why he did, to whom he conveyed it, and what resulted from it are just a few of the obvious questions.

Unless the government learned this information within the last few days, it is far from timely. Disclosure of exculpatory evidence on the eve of trial is not what the constitution or cases require. After repeated assurances that it had provided all exculpatory information and

USAO0000172


ZUCKERMAN SPAEDER LLP

Steven R. Ruby, Esq.
September 21, 2015
Page 2

all Rule 16 materials, including documents in the possession of the Mine Health and Safety Administration, you (or MSHA) produced almost 75,000 pages of material and you are just now notifying us of additional important Brady information. We justifiably do not have confidence that we have the material which we need to defend our client and request that you complete your obligation to produce it and that you withdraw your objection to our request for a reasonable time in which to examine what we recently received.

With regard to the immunity agreements, we are entitled to know much more specifically how and when the threats were made and communicated. Were draft indictments shown to the witnesses' counsel? Did the witnesses or their counsel profess innocence or otherwise make factual representations or proffers inconsistent with their or Mr. Blankenship's guilt.

We respectfully request a prompt response to this letter and the delivery to us of Brady material in usable form. A summary letter of this sort does not constitute compliance with your office's responsibilities.

Sincerely,

William W. Taylor, III


c: R. Booth Goodwin II
   Gregory McVey
   James Walls
   Eric Delinsky

5038611 1

USAO0000173