IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DONALD L. BLANKENSHIP,** | ) |
| **Movant,** | ) |
| v. | ) Civil Action No. 5:18-00591 |
| | ) (Criminal Action No. 5:14-00244) |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

### O R D E R

Pending before the Court is the United States' "Motion for an Order Suspending the Primary Briefing Scheduling." (Document No. 708.) Specifically, the United States requests "an order holding a primary briefing schedule in abeyance, thereby suspending it, until matters are resolved in a secondary briefing schedule." (Id.) The United States contends there is good cause for such an order because there are "currently two briefing schedules which overlap and terminate close in time, and each involves complex matters." (Id.)

On September 10, 2018, Movant filed his Response in Opposition. (Document No. 709.) First, Movant notes that there are three Assistant United States Attorney's assigned to the case. (Id.) Second, Movant argues that the United States has no good cause for deviating from the prior briefing scheduling. (Id.) Third, Movant states that the briefing required pursuant to the Court's Order regarding sealing (Document No. 706) is uncertain at this point. (Id.) Finally, Movant argues that "justice delayed is justice denied." (Id.)

By Order entered on June 7, 2018, the Court directed the United States to file its Answer/Response within 45 days after the filing of the Movant's Memorandum in Support of his Section 2255 Motion. (Document No. 679.) On September 6, 2018, Movant filed his Amended

Memorandum in Support of his Section 2255 Motion. (Document No. 705.) On the same day, Movant also filed a "Notice of Under Seal Filing" stating that he was required to file under seal his Memorandum in Support of his Section 2255 Motion, Motion for Evidentiary Hearing, Amended Memorandum in Support of his Section 2255 Motion, and supporting Exhibits (Document Nos. 703, 704, 705) pursuant to the agreed Protective Order signed by the parties and entered by the Court on July 27, 2018 (Document No. 691). (Document Nos. 704, 705.) Movant, however, stated that he believed the above filings "should be made public and intends to expeditiously pursue the process set forth in the Protective Order to seek public release of the information." (Id.) Therefore, the Court entered an Order on September 6, 2018, directing that Movant file any motion requesting the modification of the provisions of the agreed Protective Order by September 20, 2018, and the United States file its response by October 4, 2018. (Document No. 706.)

The Court notes that upon the filing of any Motion for Modification of the Protective Order by Movant, the United States will have two weeks to file its Response. (Document No. 706.) Thus, the United States' Response to any Motion for Modification of Protective Order is due by October 4, 2018 (Document No. 706), and its Answer/Response to Movant's Section 2255 Motion is currently due by October 19, 2018 (Document No. 679). Thus, there is an approximately a two-week overlap in the briefing schedules. Although the undersigned acknowledges an agreement by the parties may negate the need for Movant to file a Motion for Modification of the Protective Order, the undersigned finds a brief two-week extension of time will not unduly delay the proceedings in this case. Accordingly, it is hereby **ORDERED** that the United States' above Motion (Document No. 708) is **GRANTED in part and DENIED in part**. To the extent the United States seeks that the Court's June 7, 2018 Scheduling Order (Document No. 679) be held

in abeyance, the United States' Motion is **DENIED**. To the extent the United States requests an extension of the Court' June 7, 2018 Scheduling Order (Document No. 679), the United States' Motion is **GRANTED**. The United States is shall file its Answer/Response to Movant's Section 2255 Motion by **November 2, 2018**.[1]

The Clerk is requested to transmit a copy of this Order to counsel of record.

ENTER: September 10, 2018.

Omar J. Aboulhosn
United States Magistrate Judge

---

[1] In his Section 2255 Motion, Movant contends in Footnote 2 that is Section 2255 Motion is not moot because Movant continues to suffer collateral consequences that flow from his conviction. (Document No. 663, p. 5., fn. 2.) The United States is **DIRECTED** to address the issue of mootness in its Answer/Response.